IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sheng Qiang Liu, | No. CV 09-2246-PHX-PGR (ECV) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Katrina Kane, et al., | |
| Respondents. | |

TO THE HONORABLE PAUL G. ROSENBLATT, UNITED STATES DISTRICT JUDGE:

On October 26, 2009, Petitioner Sheng Qiang Liu filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 alleging that immigration officials are holding him in detention pending his removal from the United States to China, but that his removal is not reasonably foreseeable. Doc. #1. Petitioner seeks an immediate release under supervision on the grounds that his indefinite detention is not authorized by law because there is no prospect that he will be removed in the reasonably foreseeable future.[1] See Zadvydas v. Davis, 533 U.S. 678 (2001) (when there is no reasonable likelihood that a foreign government will accept an alien's return in the reasonably foreseeable future, the INS may not detain the alien for more than the presumptively reasonable period of six months).

---

[1] Alternatively, he requests that his removal to China be executed.

1   In an order filed on January 14, 2010, the District Judge reviewed the petition and directed
2   Respondents to file an answer. Doc. #3.
3         On February 2, 2010, Respondents filed a Notice to the Court and Suggestion of
4   Mootness in which they assers that Petitioner was released under an Order of Supervision on
5   January 22, 2010 Doc. #8. In the filing, Respondent provides a copy of the Order of
6   Supervision establishing that Petitioner has been released from custody under the terms of
7   the order. Id. Because Respondents' evidence demonstrates that Petitioner has obtained the
8   relief he sought in his petition, this action is moot. See Picrin-Peron v. Rison, 930 F.2d 773,
9   775 (9th Cir. 1991) (alien's habeas petition challenging the length of his detention pending
10  deportation was rendered moot when petitioner was released from custody and reparoled into
11  the United States). The court will therefore recommend that the Petition for Writ of Habeas
12  Corpus be dismissed.

**IT IS THEREFORE RECOMMENDED:**

That Petitioner's Petition for Writ of Habeas Corpus (Doc. #1) be **DISMISSED** without prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the

//

//

findings of fact in an order of judgment entered pursuant to the Magistrate Judge's recommendation.  See Fed. R. Civ. P. 72.

DATED this 19th day of February, 2010.

_____
Edward C. Voss
United States Magistrate Judge